IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02033-REB-KLM

DOYLE HOLT, SR.,

    Plaintiff,

v.

RALPH A. GAGLIARDI, Detective Sgt., Trinidad Police Department,

    Defendant.
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT**
_____

On April 25, 2008, Plaintiff was granted leave by the United States District Court for the Eastern District of Arkansas to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The standard practice of the United States District Court for the District of Colorado in all prisoner cases is that the responsibility for ensuring that monthly filing payments are made, or demonstrating why such a payment cannot be made, remains with the plaintiff. Accordingly, the plaintiff must monitor his own financial resources and work within the applicable rules and regulations existing at the facility where he is incarcerated to ensure that his monthly filing fee obligations are met.  Plaintiff must make the required monthly payments or show cause **each** month why he has no assets and no means by which to make the monthly payment.  Failure to comply with this requirement, under § 1915(b)(2), may result in dismissal of this action.

Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account," provided the prisoner's account exceeds $10.00.  This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending.  *Harris v. Colorado Dept. of Corrections*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. December 19, 2000).

Plaintiff will required by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.  Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment.  *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").  If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis.*.

IT IS THEREFORE ORDERED that by the **15th day** of **each** month hereafter plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment.  Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month.  The civil action number should be noted on all payments as well as on any

trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, this court may recommend dismissal of the complaint and this civil action without further notice.

Dated this 12th day of November, 2009.

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix