IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02033-REB-KLM

DOYLE HOLT, SR.,

    Plaintiff,

v.

RALPH A. GAGLIARDI, Detective Sgt., Trinidad Police Department,

    Defendant.

## ORDER GRANTING STAY

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Stay Discovery** [Docket No. 30; Filed June 16, 2010] (the "Motion"). In the Motion, Defendant requests a stay of discovery until the resolution of his Motion for Judgment on the Pleadings [Docket No. 29] which asserts, among other challenges, the defense of qualified immunity.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Although stays are generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay proceeding on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs.,*

*Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court first balances the impact of a stay on both parties. *Id.* Given the cost and burden associated with taking discovery while the absolute defense of qualified immunity is being litigated, I find that the propriety of a stay weighs in favor of Defendant. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending).

I also consider the Court's convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a dispositive motion is pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason issues should be raised at the outset is to avoid unnecessary litigation); *see Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of

all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest which would prompt a different result.

IT IS FURTHER **ORDERED** that discovery is **STAYED** until resolution of the pending Motion for Judgment on the Pleadings [#29]. If necessary, the Court will adjust the discovery deadline after resolution of Motion #29.

Dated: June 18, 2010

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge