IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02033-REB-KLM

DOYLE HOLT, SR.,

    Plaintiff,

v.

RALPH A. GAGLIARDI, Detective Sgt., Trinidad Police Department,

    Defendant.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion for Judgment on the Pleadings** [Docket No. 29; Filed June 16, 2010] (the "Motion"). Plaintiff filed a Response in opposition to the Motion on July 7, 2010 [Docket No. 34] and Defendant filed a Reply on July 15, 2010 [Docket No. 35]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for recommendation. The Court, having considered the entire case file and being sufficiently advised, **RECOMMENDS** that the Motion be **GRANTED**.

## I. Factual and Procedural Background

Plaintiff is a *pro se* inmate incarcerated within the Arkansas Department of Corrections. *Order* [#1-25] at 2; *Complaint* [#1-4] at 2. Plaintiff's case arises from his arrest in Trinidad, Colorado on July 22, 2005 pursuant to a warrant issued in Pine Bluff,

Arkansas. *Complaint* [#1-4] at 1.[1] Plaintiff claims that simultaneous with his arrest, Defendant confiscated all of Plaintiff's personal property including "cash, credit cards, [and Plaintiff's] checkbook." *Id.* According to the Amended Complaint filed on May 16, 2008 ("Complaint"), Plaintiff alleges that Defendant told Plaintiff that "he had shipped all [of Plaintiff's] property back to [Detective Hill][2] at the Pine Bluff Police Department." *Id.* at 2. Plaintiff contends that because of "bad blood" between Plaintiff and Detective Hill, Detective Hill prevented Plaintiff from communicating with anyone after his arrest. *Id.* Further, Plaintiff claims that Detective Hill "conspired with [Defendant] to send all [of Plaintiff's] personal property to" her without Plaintiff's consent or knowledge. *Id.* Specifically, Plaintiff contends that Defendant "[k]nowingly and willfully violated [Plaintiff's] Civil [sic] Rights [sic]" by taking away Plaintiff's access to his financial materials and other personal property. *Id.* at 3. Plaintiff also alleges that as a result of Defendant's actions, Plaintiff's property "was not returned to him, and he was therefore unable to make payments on his home and real estate property and subsequently lost the property through foreclosure." *Response* [#34] at 2; *see also Complaint* [#1-4] at 2.

Based on these allegations, Plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983 asserting three claims: (1) Defendant violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure; (2) Defendant violated Plaintiff's Fourteenth Amendment right to receive due process; and (3) Defendant and Detective Hill conspired

---

[1] The case was originally filed in the Eastern District of Arkansas on April 14, 2008 [Docket No. 1-2]. After several Arkansas-based Defendants were dismissed, venue was transferred to this District pursuant to 28 U.S.C. § 1406(a) on Plaintiff's request [Docket Nos. 1 & 1-48].

[2] Detective Hill was a party to the lawsuit until she was dismissed because Plaintiff failed to state a cognizable claim against her [Docket No. 1-29].

to prevent Plaintiff from paying for his home and additional property. *See Complaint* [#1-4] at 1; *Response* [#34] at 2.

Pursuant to the Motion, Defendant argues, among other things, that Plaintiff's claims should be dismissed because he failed to file his lawsuit within the time period required by the applicable statute of limitations. *Motion* [#29] at 2. By contrast, Plaintiff's only argument in response to the contention that his claims are time-barred is that "42 U.S.C § 1983 does not contain a statute of limitations." *Response* [#34] at 3.

## II. Standard of Review

"Judgment on the pleadings should not be granted 'unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted). A motion for judgment on the pleadings made pursuant to Fed. R. Civ. P. 12(c) is reviewed under the same legal standard as a motion for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6). *Mock v. T. G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or

4

construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

Defendant argues that Plaintiff's claims are barred by the applicable statute of limitations. *Motion* [#29] at 4. Despite Plaintiff's contention to the contrary, actions brought pursuant to 42 U.S.C § 1983 are subject to a general personal injury limitation period. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994). To this end, "the forum state's personal injury statute of limitations should be applied to all § 1983 claims." *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (citing *Wilson*, 471 U.S. at 280). Here the forum state is Colorado. *See Stephens v. Norwalk Hosp.*, 162 F. Supp. 2d 36, 40-41 (D. Conn. 2001) (holding that for cases transferred pursuant to 28 U.S.C. § 1406(a), the law of the transferee state applies). Additionally, although the case was originally filed in Arkansas, the conduct at issue occurred in Colorado. Because the forum state is Colorado and the conduct at issue occurred in Colorado, it is clear that Colorado law applies. *See generally Montana v. Hargett*, No. 07-cv-00545, 2008 WL 4964717, at *3 (D. Colo. Nov. 17, 2008) (unpublished decision) (holding that "[b]ecause the incident alleged in Plaintiff's complaint occurred in Colorado, the Colorado statute of limitations applies"). In Colorado, the limitation on a personal injury claim brought pursuant to § 1983 is two years. *See* Colo. Rev. Stat. § 13-80-102(1)(g), (i) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal

statute where no period of limitation is provided in said federal statue" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *Blake*, 997 F.2d at 750-51 (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim).[3]

By contrast, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Specifically, claims brought pursuant to § 1983 "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Hunt*, 17 F.3d at 1266 (quoting *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)). A plaintiff may have knowledge of an injury even if he is unaware of all of the evidence ultimately relied on for his cause of action. *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993).

Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to plaintiff to establish a later accrual date or to show that there is a basis to toll the accrual date. *Aldrich v. McCulloch Props. Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). While the statute of limitations is an affirmative defense, the issue may be resolved by entry of judgment on the pleadings where the application of the limitations period is apparent on the face of the Complaint. *See, e.g.*, *Nasious v. City & County of Denver*, No. 08-cv-00275, 2010 WL 1347731, at *1 & nn.6-.7 (D. Colo. Mar. 31, 2010) (unpublished decision); *see also Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008).

Plaintiff's claims arise from the alleged removal and subsequent deprivation of

---

[3] To the extent that Plaintiff intended to assert his conspiracy claim pursuant to 42 U.S.C. § 1985 rather than § 1983, the same two-year statute of limitations applies. *See Vaughn v. Krehbiel*, 367 F. Supp. 2d 1305, 1310 (D. Colo. 2005).

Plaintiff's property upon his arrest. *Complaint* [#1-4] at 1. Therefore, Defendant contends that Plaintiff's claims accrued in July 2005 when Plaintiff was arrested and Defendant first confiscated Plaintiff's property. *Motion* [#29] at 6. I note that an even more generous reading of the Complaint suggests that the statute may not have accrued until August 2005 when, according to Plaintiff, he realized that he would not regain access to his finances and, as a result, could no longer make his house payments. *See Complaint* [#1-4] at 2. Regardless, Defendant claims that Plaintiff did not file his civil rights Complaint until almost three years later in April 2008. *Id.* at 3. Thus, he argues that pursuant to the two-year statute of limitations set forth in Colo. Rev. Stat. § 13-80-102, Plaintiff's claims accrued in 2005. *Reply* [#35] at 3. Accordingly, because his lawsuit was not filed until 2008, Defendant argues that Plaintiff's claims are clearly time barred on the face of the Complaint. *Motion* [#35] at 3.

I find that Defendant has satisfied his initial burden of demonstrating that Plaintiff's claims are untimely. Therefore, the burden shifts to Plaintiff to establish a later accrual date or raise a basis for tolling the accrual date. *See Aldrich*, 627 F.2d at 1041 n.4. In his Response, Plaintiff claims that "42 U.S.C. § 1983 . . . does not contain a statute of limitations." *Response* [#34] at 3. Other than disputing the legal validity of the statute of limitations, Plaintiff offers no credible explanation for his failure to file his Complaint within the applicable statute of limitations. *Id.*

Considering the allegations contained in the Complaint, I find that the statute of limitations began to run on the date of Plaintiff's arrest, July 22, 2005. *See Complaint* [#1-4] at 1. At that time, Plaintiff was aware, or should have been aware, that his arrest and subsequent alleged deprivation of his property might give rise to a cause of action. *See*

7

*Johnson*, 925 F.2d at 1301 (holding that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or *search and seizure*, are presumed to have accrued when the actions actually occur" (emphasis added)); *see also Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (holding that a civil rights action accrues when "facts that would support a cause of action are or should be apparent"). Plaintiff's faulty legal assumption, i.e., that § 1983 claims are not subject to a statute of limitations, does not obviate his obligation to file the lawsuit within the applicable statute of limitations. *See McCoy v. Damron*, 9 Fed. Appx. 994, 996 (10th Cir. June 7, 2001) (unpublished decision) (regarding § 1983 claim barred by the Oklahoma statute of limitations, the court held that "[a]bsent a litigant raising a convincing reason why the court should depart from this general rule, ignorance of the law is not grounds for tolling the statute of limitations"); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that "it is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing" (citation omitted)). Even if Plaintiff's claims could be said to have accrued later in August 2005 when Plaintiff alleges that he knew he could not meet his financial responsibilities, the result is the same. Therefore, I find that Plaintiff's claims accrued in 2005. Because he filed his lawsuit against Defendant more than two years later, his claims are clearly barred by the applicable statute of limitations.

Accordingly, I find that there are no material factual disputes on these pleadings such that Defendant is entitled to judgment as a matter of law. *See Nasious*, 2010 WL 1347731, at *1 & n.6 (converting a motion to dismiss into a judgment on the pleadings and ruling that *pro se* plaintiff's claims were barred by the applicable statute of limitations).

### IV. Conclusion

For the aforementioned reasons, I respectfully **RECOMMEND** that Defendant's **Motion for Judgment on the Pleadings** [#29] be **GRANTED** and that the case against him be dismissed pursuant to Fed. R. Civ. P. 12(c).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: July 26, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge